IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES<br><br>Plaintiff<br><br>v.<br><br>CASE WESTERN RESERVE UNIVERSITY,<br><br>Defendant | Case No.  1:21-cv-01776<br><br>Judge:<br><br>MOTION FOR EXPEDITED DISCOVERY |

Plaintiffs seek an Order of this Court for limited expedited discovery in anticipation of a hearing on the Motion for a Preliminary Injunction. A proposed Order accompanies this Motion.

The discovery requested is only a small portion of the discovery that ultimately to be pursued in this case. The limited initial discovery sought is limited to documents related to Plaintiff's retaliation complaints and a limited number of depositions to be conducted by video-conference.

As grounds for this Motion, Plaintiffs state as follows:

1. Plaintiff brought this action for violation of Title IX and breach of contract. Plaintiff seeks injunctive relief related to his Title IX retaliation claim. Plaintiff alleges that administrators at the Case Western Reserve University and Case Western Reserve University School of Medicine (collectively "CWRU") have engaged in a pattern of retaliation against John Doe after he was found "not responsible" for allegations of sexual misconduct against a fellow student.

2. Expedited discovery is necessary to allow the Plaintiff to obtain information to present to the Court in support of the Motion for a Preliminary Injunction. Plaintiff does not have access to these essential materials. Courts have generally found that this constitutes "good cause" and have permitted expedited discovery for this purpose. *See e.g Russell v. Lumpkin,* S.D.Ohio No. 2:10-cv-00314,

1

2010 U.S. Dist. LEXIS 55243, at *5 (May 11, 2010) ("the requested discovery is limited and narrowly tailored to the issue central to Plaintiffs' requested injunctive relief"); *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 U.S. Dist. LEXIS 53827, at *2 (E.D. Mo.) ("Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing."); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (ordering expedited discovery prior to hearing on preliminary injunction because it would "better enable the court to judge the parties' interests and respective chances for success on the merits"); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (noting that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").[1] Courts have permitted limited expedited discovery in advance of a hearing on a preliminary injunction by students in school discipline matters. *See Doe v. The Ohio State University*, S.D. Ohio No. 2:15-cv-02830 (Oct. 16, 2015) (Docket# 19; Opinion And Order Granting Motion To Expedite Discovery (Frost, J.)); *Doe v. University of Cincinnati*, S.D. Ohio No. 1:16-cv-00987 (Oct. 28, 2016) (Minute Entry; "ordering that defendants provide the recording/transcript of the disciplinary hearing at issue in this matter" (Barrett., J.)).

3. The requested documents are necessary for the Court's consideration of the Motion for a Preliminary Injunction and are in the custody and control of Defendant.

---

[1] "Rule 26(d) vests the district court with discretion to order expedited discovery." *Russell*, 2010 U.S. Dist. LEXIS 55243, at *3-4 (citations omitted).

## CONCLUSION

This Court should grant limited expedited discovery in advance of a hearing on Plaintiff's Motion for a Preliminary Injunction.

Respectfully submitted,

 /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Anne Tamashasky (OH 0064393)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
