IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES | Case No. 1:21-cv-1776-PAB |
| Plaintiff | Judge: BARKER |
| v. | EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |
| CASE WESTERN RESERVE UNIVERSITY, | |
| Defendant | |

Pursuant to Fed. R. Civ. Proc. 65, Plaintiff John Noakes requests an Order of this Court prohibiting defendants Case Western Reserve University and Case Western Reserve University School of Medicine ("CWRU") from imposing discipline on John Noakes in retaliation for John Noakes filing this lawsuit.

Shortly after the lawsuit was filed, John Noakes was informed that he would be subject to an additional investigation by CWRU that could result in his expulsion. This is highly disturbing, as the allegations against John Noakes comes not only within days of the filing of this lawsuit, but also actually includes a claim that John Noakes committed misconduct because persons in the community learned of this litigation!

This motion is for a temporary restraining order is not *ex parte*, as Defendants have been previously informed of this litigation by both mail and email. *See* Notice of Service (Doc#6.) General counsel and an outside attorney who contacted counsel for Plaintiff (but has not returned subsequent communications) will be copied on this Motion. *See* Certificate of Service, *infra*.

1

This Motion is supported by the evidence and argument presented in the Motion for Preliminary Injunction (Doc#2), Verified Complaint (Dc#1), the Affidavit of John Noakes (Doc#2-1), the Affidavit of Dr. Firouz Daneshgari (Doc#2-2), and the Affidavits of three medical students (Doc#2-3; Doc#2-4; Doc#2-5). This Motion is also supported by an additional Affidavit of John Noakes.

John Noakes seeks the following Order:

Defendants, including the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with anyone described herein, are prohibited from intimidating, threatening, coercing, harassing, or discriminating against Plaintiff because he has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under any CWRU Policy adopted pursuant to Title IX.

Defendants, including the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with anyone described herein, are further prohibited from pursuing any investigation or disciplinary actions against John Noakes related to the events described in the September 21, 2021 letter attached to the Affidavit of John Noakes.

FACTS

John Noakes relies on the statement of facts contained in the Motion for Preliminary Injunction. (Doc#2, PageID#233-240.)

On September 21, 2021, John Noakes received a letter from Rachel Lutner, the CWRU Title IX Coordinator. (Noakes Aff. ¶2 (attached as exhibit).) The letter indicated that Noakes was facing discipline regarding a 'Tumblr' that describes some of the events underlying this case. This is the same Tumblr described in the complaint and cited by Dr. Greenfield when she threatened John Noakes with further disciplinary action if he continued to pursue his Title IX complaint against Jane Roe or his retaliation complaint against school administrators. (Verified Complaint, Doc#1, PageID#30-33.)

Three facts about the CWRU allegations are important:

1. The Tumblr is highly critical of the CWRU Title IX process. (Noakes Aff. ¶7.)

2. CWRU has no information that John Noakes created the Tumblr (or worked with someone else to create the Tumblr). John Noakes has denied creating the Tumblr, publicizing the Tumblr, or any knowledge of who is making the Tumblr posts. (Noakes Aff. ¶¶4-6.)

3. CWRU alleges that the Tumblr contains information about Jane Roe's Title IX complaint, John Noakes' and Jane Roe's communications, and correspondence between John Doe and the Office for Equity. BUT, importantly, nothing in any CWRU policy or procedures requires John Noakes to keep this information confidential. (Noakes Aff. ¶¶8-11. *See also* Verified Complaint ¶36 ("The CWRU Title IX Coordinator admitted that students would be free, for example, 'to print information about the outcome of hearings in an ad in the Plain Dealer.'").)

**ARGUMENT**

The new actions by CWRU are egregious. Shortly after filing this lawsuit, John Noakes is facing new potential discipline. It is hard to come to any conclusion except that CWRU is retaliating against a student who has asserted his rights in this Court under Title IX. This Court should move swiftly to protect the ability of students to seek the aid of this Court in the protection of civil rights and access to education.

**A.    The Standard For Resolution Of This Motion**

Just like the Motion for Preliminary Injunction, the Court applies the traditional four-part test to determine whether a temporary restraining order is appropriate. *LNB Bancorp, Inc. v. Osborne*, N.D.Ohio No. 1:09-CV-00643-AA, 2009 U.S. Dist. LEXIS 31452, at *5-6 (Mar. 28, 2009).

> The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the public interest.

*Id.*, *citing McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997).

**B.    Plaintiff Has A Substantial Likelihood Of Success On His Retaliation Claim**

The elements of a retaliation claim under Title IX is set form if Plaintiff's Motion for a Preliminary Injunction. (Doc#2, PageID#241.)

**1.    Protected Conduct And Defendant's Knowledge**

Plaintiff engaged in protected activity by filing this lawsuit. *See Fuhr v. School Dist. of Hazel Park*, 837 F.Supp.2d 675, 683 (E.D.Mich. 2011) (bringing a lawsuit "clearly constitutes 'protected activity' for… Title IX purposes); *Hicks v. Concorde Career College*, 695 F.Supp.2d 779, 795 (W.D.Tenn. 2010) ("Plaintiff's protected activity occurred… when he filed a lawsuit against Defendant in federal court.").

### 2. Adverse Action

The Title IX investigation by CWRU is an adverse action. The fact of a Title IX investigation – by itself, regardless of the ultimate outcome – damages a student's reputation and is likely to deter other students form criticizing the CWRU Title IX process. (Noakes Aff. ¶12.) *See also* Motion for Preliminary Injunction (Doc#2, PageID#243-245 (describing chilling effect of investigations),)

### 3. Causation

The disciplinary action occurred within a week of the filing of this lawsuit. That is sufficient evidence of a causal connection for Plaintiff to state a *prima faciae* case. The Sixth Circuit has noted that temporal proximity alone is "enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation" when an adverse action "occurs very close in time after an employer learns of a protected activity." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) (finding temporal proximity to be sufficient evidence of causation in Title VII case where termination occurred on the same day as employer learned of protected conduct). *See also Gribcheck v. Runyon*, 245 F.3d 547, 551 (6th Cir. 2001) ("A plaintiff may demonstrate the causal connection by the proximity of the adverse employment action to the protected activity."); *Bennett v. Bd. of Educ. of Washington Cty. Joint Vocational Sch. Dist.*, 785 F. Supp. 2d 678, 686 (S.D. Ohio 2011) (collecting cases). This view was reaffirmed in September 2020. *Kirilenko-Ison v. Bd. of Edn. of Danville Indep. Schs*, 974 F.3d 652, 664 (6th Cir. 2020). *See also Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 505 (6th Cir. 2014) (temporal proximity "is significant enough to constitute evidence of a causal connection for the purposes of satisfying a *prima facie* case"); *Amos v. McNairy Cty.*, 622 F. App'x 529, 537 (6th Cir. 2015) ("this court has explicitly held that temporal proximity alone can establish causation.").

In addition, Plaintiff has provided significant evidence of retaliatory intent.[1] *See* Motion for Preliminary Injunction (Doc#2, PageID#246-247). The Sixth Circuit recent observed that "even if enough time passes between the protected activity and the adverse action so as to preclude a finding of causation based on the close timing alone, an employee can still prevail if she 'couple[s] temporal proximity with other evidence of retaliatory conduct to establish causality.'" *George v. Youngstown State Univ.*, 966 F.3d 446, 460 (6th Cir. 2020), *citing Mickey*, 516 F.3d at 525.

**C.    Irreparable Harm**

The Verified Complaint, Affidavit of John Noakes, and Affidavit of Dr. Daneshgari describe the irreparable harm John Noakes will suffer without relief from the Court. *See* Motion for Preliminary Injunction (Doc#2, PageID#247-251.) This factor is especially strong when retaliatory actions deter those protected by Congress from seeking access to courts. *See* Id. (collecting cases).

**D.    Public Interest And Harm To Third Parties**

*See* Motion for Preliminary Injunction (Doc#2, PageID#251.)

**E.    Nominal Bond Should Be Imposed**

*See* Motion for Preliminary Injunction (Doc#2, PageID#251.)

---

[1] This new investigation is clearly pre-textual. It primarily concerns the Tumblr referred to in ¶¶ 96-98 of the Complaint even though CWRU has no evidence that John Noakes created, controlled, or was even aware of, the Tumblr. The investigation includes trumped-up charges that John Noakes shared information about the Title IX process and his relationship with Jane Roe – even though no CWRU policy or procedure requires John Noakes to keep this information confidential. In fact, although CWRU seems to allege that the Tumblr is retaliatory against Jane Roe, Jane Roe's name does not appear in the Tumblr. (Noakes Aff. ¶7.)

**CONCLUSION**

Pursuant to Fed. R. Civil P. 65, this Court should grant a Temporary Restraining Order prohibiting CWRU from pursuing retaliatory disciplinary actions against John Noakes. This matter should subsequently be set for a hearing on Plaintiff's Motion for a Preliminary Injunction.

Respectfully submitted,

/s/ Joshua Engel
Joshua Adam Engel (0075769)
Anne Tamashasky (0064393)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via email on General Counsel for Defendants (Peter M. Poulos, peter.poulos@case.edu) and an attorney who contacted Counsel for Plaintiff (Amanda Quan, amanda.quan@ogletree.com) this September 21, 2021.

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)