IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES<br><br>Plaintiff<br><br>v.<br><br>CASE WESTERN RESERVE UNIVERSITY,<br><br>Defendant | Case No. 1:21-cv-1776-PAB<br><br>Judge: BARKER<br><br>REPLY TO RESPONSE TO MOTION FOR EXPEDITED DISCOVERY |

Plaintiff John Noakes respectfully submits this Reply to the Response by Defendant Case Western Reserve University ("CWRU") to Plaintiff's Motion for Expedited Discovery.[1] (Doc#3; Doc#18.)

**1. Discovery Will Shed Light On The Significant Issues Of Fact To Be Resolved**

This Court, in the Order denying the Motion for a Temporary Restraining Order, noted on several occasions that there are "disputed factual issues" and "strongly contested, fact-intensive issues" surrounding many of the issues before the Court in the Motion for Preliminary Injunction. (Doc#176, PageID#PageID#505, 507-508.) Clearly, then discovery will aid the Court in the determination of these and other contested issues for the Motion for preliminary Injunction. This, Courts in the Sixth

---

[1] Defendants state that Case Western Medical School is "not a separate legal entity" and, therefore, no response is "necessary or appropriate." Plaintiff takes this to mean that CWRU has the ability to provide all of the relief sought by the pending Motion for a Preliminary Injunction.

The Federal Rules of Civil Procedure do not permit a party to unilaterally decide that it will not respond to pending motions or a complaint. Only the Court can do this. A party that believes it has been improperly named in a lawsuit must submit a Motion under Rule 12 or seek other relief from the Court. Regardless, counsel for Plaintiff has informed Counsel for Defendants that if CWRU stipulates that CWRU is able to provide all of the relief sought in the Complaint, Plaintiff will voluntarily dismiss the Medical School.

1

Circuit have found, provides 'good cause' to permit limited expedited discovery.  *See e.g. Concerned Pastors For Social Action v. Khouri*, E.D.Mich. No. 16-10277, 2016 U.S. Dist. LEXIS 70470, at *4-5 (May 31, 2016) ("The plaintiffs have identified important concerns in their motion for a preliminary injunction, and the Court believes that the discovery requested will aid in the determination of those matters."); *JPMorgan Chase Bank, N.A. v. Clark*, E.D.Mich. No. 09-13815, 2009 U.S. Dist. LEXIS 89926, at *10 (Sep. 29, 2009) ("the Court directs the parties to commence discovery forthwith in aid of their preparation for the preliminary injunction hearing"); *Kentucky CVS Pharmacy, LLC v. McKinney*, E.D.Ky. No. 5:13-CV-25-KSF, 2013 U.S. Dist. LEXIS 54244, at *4 (Apr. 16, 2013) ("The purpose of the request for expedited discovery, however, is in aid of the motion for preliminary injunction. Plaintiff has shown good cause for expedited discovery.")

How will this discovery help?

Plaintiff, first, seeks documents and communications related to his claims.  It is not surprising that CWRU employees deny retaliatory intent – but the Court is not required to simply accept the denials without giving Plaintiff the opportunity to take discovery on the existence of retaliatory motivation.  Communications between the persons responsible for the disciplinary actions against Plaintiff, as well as communications between these persons and other interested parties (like Jane Roe), may reveal the motives of the parties and their contemporaneous thoughts and responses.  This is especially true when many of the claims by Defendants would seem to be easily verifiable by contemporaneous documents, yet none have been presented to the Court.  To pick one obvious example:  an affiant claimed that the decision to investigate the Tumblr website was made prior to the filing of the instant lawsuit on September 15, 2021. (See Order, Doc#17, PageID#506 (summarizing evidence).  Documents supporting this timeline, such as emails showing the complaints or memoranda, might actually support the CWRU position; similarly, the absence of such documents might undermine CWRU's position.  Regardless, discovery of such documents will aid the Court in

resolving this factual dispute.²

Plaintiff, second, seeks a limited number of depositions. Depositions are likely to be helpful in exploring motivations and resolving issues of credibility – they may also shorten or alleviate completely the need for an evidentiary hearing. Depositions are likely to be helpful, in a case like this, where the parties have presented conflicting views and interpretations of conversations. Even at this preliminary stage of the litigation, the adage of 'trust but verify' commonly quoted by President Reagan is informative; Plaintiff should have the opportunity to explore the statements by Defendant's witnesses. *Cf. Banner Indus. of N.E. v. Kenneth L. Wicks & Harrington Indus. Plastics LLC*, N.D.N.Y. No. 1:11-CV-1537, 2013 U.S. Dist. LEXIS 150559, at *21 (Oct. 21, 2013) ("in matters of discovery, the adage of 'trust but verify' has significant meaning"); *Chickaway v. United States,* S.D.Miss. No. 4:11-CV-00022-, 2012 U.S. Dist. LEXIS 108793, at *4 (Aug. 3, 2012) ("When involved in litigation, it is OK to trust, but it is even better — as one of our former presidents stated — to 'trust, but verify.'")

**2.     Defendant Does Not Suggest That Discovery Would Be Unduly Burdensome**

Defendant does not argue – much less present any evidence supporting – a claim that the expedited discovery sought by Plaintiff would pose any burden.³

**3.     Caselaw Supports Expedited Discovery In This Type Of Case**

Defendant makes no effort to distinguish the cases cited by Plaintiff holding that discovery seeking information to present to the Court in support of the Motion for a Preliminary Injunction is

---

² To pick another example: CWRU claims it received 30+ "early concerns" about John Noakes. Yet these were not submitted to the Court. The content of these messages is likely to reveal the intent of the persons making the complaint and show whether they were was motivated by a legitimate concern or a retaliatory purpose.

³ Plaintiff observes that Defendant does not object to expedited discovery on the grounds that production of the requested information will violate FERPA and the privacy of student-athletes named in the requested documents. However, Plaintiff's counsel has provided a draft proposed protective order that may be presented to the Court, if necessary, to alleviate these concerns.

3

permissible and appropriate – in cases involving school discipline. (Doc#3, PageID#276-277 (collecting cases). Plaintiff further observes that in *Richmond v. Youngstown State Univ.*, N.D.Ohio No. 4:17CV1927, 2017 U.S. Dist. LEXIS 150175, at *2 (Sep. 14, 2017), this Court permitted limited expedited discovery on Title IX claims brought by a student. And in *Doe v. Ohio State Univ.*, S.D.Ohio No. 2:15-cv-2830, 2015 U.S. Dist. LEXIS 141218, at *4 (Oct. 16, 2015), a school did not even contest that "the investigative file and internal correspondence regarding [a student's] disciplinary proceedings" were appropriate subjects of expedited discovery prior to a preliminary injunction hearing.

The cases cited by Defendant are inapposite. Def. Memo at PageID#528, *citing Traster v. Ohio N. Univ.*, N.D.Ohio No. 3:12 CV 2966, 2012 U.S. Dist. LEXIS 192801 (Dec. 14, 2012); *Doe v. Transylvania Univ.*, E.D.Ky. Civil Action No. 5: 20-145-DCR, 2020 U.S. Dist. LEXIS 63965, at *38 (Apr. 13, 2020); *Doe v. Univ. of Chicago*, N.D.Ill. No. 16 C 08298, 2016 U.S. Dist. LEXIS 184624 (Sep. 22, 2016) (Apr. 13, 2020). *Traster* involved a professor – not a student – seeking a preliminary injunction based on a claim that the procedures used by the school in suspending him violated the contractual guarantees contained in a faculty handbook. The court was able to resolve the claim on the basis of interpretating the contract – there were not disputed issues of fact that required discovery. 2012 U.S. Dist. LEXIS 192801, at *4. In *Transylvania Univ* a student sought to take depositions not only of school officials to support his claims of misconduct by administrators, but also, unlike in this case, "to take the deposition of his accuser." (Memo. (https://storage.courtlistener.com/recap/gov.uscourts.kyed.91968/gov.uscourts.kyed.91968.6.1.pdf).) The court was concerned that student was improperly attempting to use "civil discovery in federal litigation" to aid his defense in the disciplinary proceedings – a concern not present here.[4] 2020 U.S.

---

[4] To be clear: Plaintiff has no present intention of seeking the deposition of Jane Roe in expedited discovery – this is a dispute between him and school officials.

4

Dist. LEXIS 63965, at *38. Finally, in *Univ. of Chicago*, expedited discovery was not warranted because the primary damage claimed by a student was "emotional distress" which could not be remediated by an injunction and was compensable by money damages. 2016 U.S. Dist. LEXIS 184624, at *8.

## CONCLUSION

This Court should grant limited expedited discovery in advance of a hearing on Plaintiff's Motion for a Preliminary Injunction.

Respectfully submitted,

 /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Anne Tamashasky (OH 0064393)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Courts ECF system this October 7, 2021 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel