IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES, | Case No. 1:21-CV-01776-PAB |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| CASE WESTERN RESERVE UNIVERSITY, | MEMORANDUM OPINION AND ORDER |
| **Defendant** | |

Currently pending is Plaintiff John Noakes'[1] Motion for Expedited Discovery, filed on September 15, 2021. (Doc. No. 3.) Defendant Case Western Reserve University[2] filed a Brief in Opposition on October 6, 2021, to which Plaintiff replied on October 7, 2021. (Doc. Nos. 18, 19.) Defendant also filed a Motion for Leave to File a Sur-Reply *Instanter* (Doc. No. 22), which the Court denied. For the following reasons, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

I.  **Background**

The Court has previously set forth the factual allegations contained in the Verified Complaint and will not repeat them here. (*See* Doc. No. 17 at PageID#s 490-97.) The Court presumes the parties' familiarity with its previous opinion in this case and sets forth only the background relevant to the instant Motion for Expedited Discovery.

---

[1] "John Noakes" is a pseudonym. This Court granted Plaintiff leave to proceed anonymously. *See* non-document Order of October 8, 2021.
[2] The Verified Complaint initially named both Case Western Reserve University and Case Western Reserve University School of Medicine as Defendants. On October 8, 2021, the parties filed a stipulated Notice of Dismissal of CWRU Medical School because the Medical School is not a separate legal entity from Case Western Reserve University, which is the real party in interest. (Doc. Nos. 20, 24.)

On September 15, 2021, Plaintiff John Noakes ("Noakes") filed a Verified Complaint against Defendant Case Western Reserve University ("CWRU"), in which he asserted claims for retaliation and deliberate indifference under Title IX (Counts I and II) and breach of contract (Count III). (Doc. No. 1.) Noakes' claims arise out of the alleged efforts of administrators at CWRU "to retaliate against [him] after he was found 'not responsible' for allegations of sexual misconduct against a fellow student," identified in the pleadings as "Jane Roe" ("Roe"). (*Id.* at ¶ 2.) Roe had alleged that Noakes engaged in non-consensual sexual activity and the matter was reported to the CWRU Office of Equity, which is charged with enforcing the University's non-discrimination and sexual harassment policies. (*Id.* at ¶ 3.) "CWRU investigated the matter and, following a hearing, John Noakes was cleared of all charges." (*Id.*) Noakes alleges that after he was cleared of the charges, "CWRU officials – including the Title IX Coordinator and a Dean in the Medical [S]chool – who were unhappy with the outcome began a campaign of intimidation and harassment against [him]." (*Id.* at ¶ 4.) Noakes avers that this campaign "culminated in threats from school administrators that [he] could be expelled if he continued to assert his own rights under Title IX or pursue retaliation complaints against administrators." (*Id.*)

On the same date he filed his Verified Complaint, Noakes filed Motions for Preliminary Injunction and Expedited Discovery. (Doc. Nos. 2, 3.) On September 21, 2021, Noakes also filed an Emergency Motion for Temporary Restraining Order ("TRO") (Doc. No. 10), which this Court denied. (Doc. No. 17.) In his Motion for Preliminary Injunction, Noakes seeks an Order prohibiting CWRU and its officers, agents, employees, etc. from "intimidating, threatening, coercing, harassing, or discriminating against [him]" because he has "made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under

any CWRU Policy adopted pursuant to Title IX." (Doc. No. 2 at PageID# 228.) CWRU filed a Brief in Opposition to both the Motion for Preliminary Injunction and Motion for Expedited Discovery on October 6, 2021. (Doc. No. 18.) Plaintiff filed a reply in support of his Motion for Expedited Discovery on October 7, 2021. (Doc. No. 19.) The Motion for Preliminary Injunction remains pending and the Motion for Expedited Discovery seeking "limited expedited discovery in anticipation of a hearing on the Motion for a Preliminary Injunction" is ripe for a decision. (Doc. No. 3 at PageID# 276.)

## II.  Standard of Review

Fed. R. Civ. P. 26(d) permits a Court to exercise discretion in allowing expedited discovery. Courts within this Circuit have applied a good cause standard in determining the necessity and scope of expedited discovery. *See, e.g.*, *Lemkin v. Bell's Precision Grinding*, 2009 WL 1542731 at *1 (S.D. Ohio June 2, 2009) (collecting cases). The party seeking such discovery bears the burden of demonstrating good cause. *See 5ifth Element Creative, LLC v. Kirsch*, 2010 WL 4102907 at *2 (E.D. Ky. Oct. 18, 2010); *Lemkin*, 2009 WL 1542731 at *1. Good cause may be established by demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Russell v. Lumpkin*, 2010 WL 1882139 at * 2 (S.D. Ohio May 11, 2010). *See also Lemkin*, 2009 WL 1542731 at *1. Where information is necessary to support a motion for a preliminary injunction, this need can constitute good cause for expedited discovery. *Kirsch*, 2010 WL 4102907 at *2. *See also Russell*, 2010 WL 1882139 at *2. However, because "expedited discovery is not the norm," "such requests must be narrowly tailored to obtain information relevant to the determination of the preliminary injunction." *Kirsch*, 2010 WL 4102907 at *2. *See also Ky. CVS Pharm., LLC v. McKinney*, 2013 WL 1644903 at *1 (E.D. Ky. Apr. 16, 2013);

*Hydropartners, LLC v. Econergy Energy Generation Ltd.*, 2008 WL 1775411 at *2 (N.D. Ohio Apr. 16, 2008).

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). Indeed, "'[i]t is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

**III.    Analysis**

In his Motion, Noakes seeks expedited discovery "limited to documents related to Plaintiff's retaliation complaints and a limited number of depositions to be conducted by video-conference." (Doc. No. 3 at PageID# 276.) In a proposed order appended to his Motion for Expedited Discovery, Noakes sets forth the following discovery requests:

> (i) all documents concerning allegations of any type of misconduct by John Noakes from April 15, 2021 to the present;
>
> (ii) all documents concerning complaints by John Noakes of sexual harassment or retaliation [] from April 15, 2021 to the present; and
>
> (iii) all communications concerning John Noakes from April 15, 2021 to the present among or between any CWRU administrators identified in the Complaint (whether by email, text, or other means).
>
> The parties shall be permitted to take no more than four depositions. The depositions may occur by video conference at the request of any party. The depositions shall be limited to issues presented in the Motion for Preliminary Injunction and shall not preclude a deposition of the same witness during discovery.

(Doc. No. 3-1 at PageID# 279.) Noakes cites to the Court's Memorandum Opinion and Order denying the Motion for TRO, in which the Court notes that there are "disputed factual issues" and "strongly contested, fact-intensive issues." (Doc. No. 19 at PageID# 667.) Noakes argues that limited expedited discovery will shed light on the significant factual issues, that CWRU has not suggested that

4

discovery would be unduly burdensome, and that expedited discovery is often granted in this type of case in support of a motion for preliminary injunction. (*Id.* at PageID#s 667-70.)

CWRU opposes the expedited discovery in a joint Brief in Opposition to Noakes' Motions for Preliminary Injunction and Expedited Discovery. (Doc. No. 18.) CWRU argues that because Noakes cannot establish that the Court should issue a preliminary injunction, his request for expedited discovery should be denied. (*Id.* at PageID# 528.) CWRU posits that Noakes is seeking an order from the Court that would "preemptively insulate him from any and all proceedings and/or processes that could potentially lead to negative consequences for him." (*Id.* at PageID# 512) (emphasis omitted.) For example, CWRU argues that the injunctive relief Noakes seeks would potentially foreclose CWRU from investigating a retaliation complaint made by Roe involving allegations of cyberbullying posts on the website Tumblr or from the School of Medicine engaging in "Professionalism Proceedings" related to Noakes' professionalism. (*Id.*)

The Court finds that Noakes has established good cause for expedited discovery that is narrowly tailored to obtain information relevant to a determination of his Motion for Preliminary Injunction. *See Kirsch*, 2010 WL 4102907 at *2. Noakes' Motion for Preliminary Injunction seeks to enjoin CWRU from imposing discipline on him in retaliation for his successfully defending himself against a Title IX sexual harassment complaint and for asserting claims against his accuser, Roe, and her faculty defenders for retaliation. Discovery that is narrowly tailored to obtain information related to any alleged retaliation against Noakes by CWRU and its administrators would assist in deciding Noakes' Motion for Preliminary Injunction and would not be prejudicial to CWRU.

Accordingly, the Court permits Noakes to engage in expedited discovery related to his Motion for Preliminary Injunction, but will modify his proposed requests so that they are narrowly tailored

to relate to Noakes' retaliation claim, as follows. *See, e.g.*, *Kirsch*, 2010 WL 4102907 at *2 ("[S]uch requests must be narrowly tailored to obtain information relevant to the determination of the preliminary injunction.").

IV. Conclusion

Plaintiff's Motion for Expedited Discovery (Doc. No. 3) is GRANTED IN PART AND DENIED IN PART, as follows:

  A. Plaintiff's Motion is DENIED to the extent that it seeks any discovery into CWRU's investigation of Roe's retaliation complaint related to posts on Tumblr. No expedited discovery shall be conducted which involves the recently begun, ongoing Tumblr investigation and no discovery requests shall be construed to include information into the Tumblr investigation.

  B. Plaintiff's request for discovery of "(i) all documents concerning allegations of any type of misconduct by John Noakes from April 15, 2021 to the present" is DENIED.

  C. Plaintiff's request for discovery of "(ii) all documents concerning complaints by John Noakes of sexual harassment or retaliation [] from April 15, 2021 to the present," is GRANTED IN PART as follows. This request shall be limited to documents concerning complaints initiated by Noakes and which relate to the events set forth in Plaintiff's Verified Complaint in support of Count I (Violation of Title IX – Retaliation).

  D. Plaintiff's request for discovery of "(iii) all communications concerning John Noakes from April 15, 2021 to the present among or between any CWRU administrators identified in the Complaint (whether by email, text, or other means)," is GRANTED IN PART as follows. This request shall be limited to communications concerning Noakes and which relate to the events set forth in Plaintiff's Verified Complaint in support of Count I (Violation of Title IX – Retaliation).

  E. Plaintiff's request to take four (4) depositions is GRANTED IN PART AND DENIED IN PART as follows. The depositions may occur by video conference at the request of any party and shall not preclude a deposition of the same witness during discovery. Plaintiff may take the depositions of four (4) individuals. Plaintiff is limited to deposing CWRU faculty, officials, and administrators and may not depose Jane Roe or other fellow students.[3] The depositions shall be limited to issues related to Noakes'

---

[3] Plaintiff explains, "To be clear: Plaintiff has no present intention of seeking the deposition of Jane Roe in expedited discovery – this is a dispute between him and school officials." (Doc. No. 19 at PageID# 670, n. 4.)

      claim that Defendant retaliated against him for successfully defending against a Title IX sexual harassment complaint and asserting claims against Roe and CWRU officials.

D.     Plaintiff is granted 30 days from the date of this Order in which to complete the expedited discovery. The expedited discovery shall be completed by November 24, 2021.

E.     In accordance with the Court's Order of October 12, 2021 Plaintiff is permitted to submit a Reply to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction within fourteen (14) days of the completion of the expedited discovery. Plaintiff's Reply shall be due no later than December 8, 2021.

F.     The Court shall conduct an in-person evidentiary hearing regarding Plaintiff's Motion for Preliminary Injunction on December 20, 2021 at 11:00 am in Courtroom 16A.

**IT IS SO ORDERED.**

Date: October 25, 2021

                                            *s/Pamela A. Barker*
                                            PAMELA A. BARKER
                                            U.S. DISTRICT JUDGE