**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOHN NOAKES | Case No. 1:21-cv-01776 |
| Plaintiff, | |
| | Judge:  BARKER |
| v. | |
| | AFFIDAVIT OF JOHN NOAKES |
| CASE WESTERN RESERVE UNIVERSITY, ET AL | |
| Defendants | |

1. I am the Plaintiff in this case.  I am submitting this Affidavit in support of the Motion for a Preliminary Injunction.

2. The Professionalism Working Group ("PWG") has required me to complete "coaching."

3. I have been informed that because I have failed to complete the coaching in a satisfactory manner, my case will be reviewed by the Committee on Students ("COS").  The COS intends to impose further disciplinary sanctions on me, up to an including dismissal from the CWRU Medical School.

4. Completing the coaching is an impossible task.  The coaching is intended to focus on "empathy." In particular, I have been requested to show empathy towards Jane Roe even though I am completely innocent of the allegations Roe made against me and have been found "not responsible" by a CWRU hearing panel.  The empathy I am supposed to demonstrate is consistent with some of the comments found in the early concerns submitted by students:

   - Complaint #8:  "Even if the Title IX case was decided in his favor, he should be aware of the emotional trauma that this process has put [Jane Roe] through."

   - Complaint#11: "Lack of remorse for sexual assault proceedings."

   - Coplaint#17: "He showed no remorse for violating a fellow peers body…"

1

- Complaint#18: John Noakes should "start to consider ways to redeem themselves [sic] to their peers by expressing genuine remorse for the trauma experienced by those in the situation."

5. I will never be able to show the empathy towards Jane Roe that the coaching requires. This empathy essentially requires me to admit that I sexually assaulted Jane Roe; to make that admission would be a lie.

6. I am fearful that if I admit to the remorse for my actions in regard to Jane Roe as part of the empathy coaching, this "admission" will be used against me to re-open the Title IX hearing or, even, cause me to face civil or criminal liability.

7. The PWG coaching is setting me up to fail so that CWRU can justify imposing disciplinary sanctions on me even though I was exonerated by the Title IX process. I face a "cacth-22." Unless I acknowledge that Jane Roe is a 'victim,' the PWG/COS will find that I lack "empathy" and subject me to discipline for lack of professionalism; but if I do acknowledge that Jane Roe is a 'victim,' the PWG/COS may find that I violated the Title IX Policy and subject me to discipline for lack of professionalism.

8. I believe that I am being singled out and subjected to heightened scrutiny. I am not aware that Jane Roe or any other student at CWRU has been required to engage in coaching to show empathy towards me and the trauma that being falsely accused and having to participate in the Title IX process has put me through.

9. The coaching required by the PWG/COS will dissuade other students from defending themselves in a Title IX process because they could be accused of not having sufficient "empathy" for the student and face discipline.

10. I have been subjected to harassment and bullying from other Medical Students because these students continue to believe that I am guilty. This harassment and bullying includes: posting of flyers calling me a rapist; exclusion of me from class discussions; and the circulation of a petition

and survey seeking my expulsion.  The Medical School has not, to my knowledge, taken significant action to stop this harassment and bullying from other students.  As a result, my ability to access course materials, groups discussions, and other educational materials has been limited.  The circulation of a survey and petition against Noakes likewise served to limit my ability to participate in class activities because it encouraged students to ostracize me.

11. The Medical School has not, to my knowledge, subjected any of the students who circulated a petition and survey seeking my removal from the school to the PWG/COS process.

12. I have been on several phone calls and video conferences with my counsel and CWRU employees. At all times my counsel has acted professionally.  I have never heard counsel yell or be disrespectful with anyone at the School of Medicine.  The testimony by Dr. Ricanati that Ms. Tamashasky yelled at him is completely false.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of December 2021.

[REDACTED] a/k/a John Doe

.

3