AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| John Noakes<br>*Plaintiff*<br>v.<br>Case Western Reserve University<br>*Defendant* | Civil Action No. 1:21-cv-1776-PAB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Keeper of Records, Baker & Hostetler (Attn: Carrie Valdez and Grace Hurley)
Key Tower, 127 Public Square Suite 2000, Cleveland, OH 44114

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached

| Place: Engel & Martin, LLC<br>4660 Duke Drive, Ste 101, Mason, OH 45040<br>(appearance not required for production of documents) | Date and Time:<br>March 1, 2022 at 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 15, 2022

*CLERK OF COURT*

OR  /s/ Joshua A Engel (0075769)

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintff John Noakes , who issues or requests this subpoena, are:
Joshua Engel, Engel & Martin, 4660 Duke Drive, Ste 101, Mason, OH 45040
513-445-9600, engel@engelandmartin.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-1776-PAB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Baker & Hostleter**
on *(date)* **February 15, 2022**.

☒ I served the subpoena by delivering a copy to the named person as follows:

**by delivering a copy to the United States Postal Service for mailing at the address set forth in the subpoena as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered, on February 15, 2022**

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: **March 2, 2022**

*Anna Pauley*
*Server's signature*

**Anna Pauley**
**Office Manager**
*Printed name and title*

**Engel & Martin, LLC**
**4660 Duke Drive, Ste 101, Mason, OH  45040**
*Server's address*

Additional information regarding attempted service, etc.:

**See attached tracking information showing serve on February 22, 2022**

# USPS Tracking®

FAQs >

**Track Another Package +**

**Tracking Number:** 9414711699000960175263

Remove ✕

Your item was picked up at a postal facility at 5:22 am on February 22, 2022 in CLEVELAND, OH 44101.

USPS Tracking Plus® Available ⌄

## ✓ Delivered, Individual Picked Up at Postal Facility

February 22, 2022 at 5:22 am
CLEVELAND, OH 44101

Get Updates ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌃

February 22, 2022, 5:22 am
Delivered, Individual Picked Up at Postal Facility
CLEVELAND, OH 44101
Your item was picked up at a postal facility at 5:22 am on February 22, 2022 in CLEVELAND, OH 44101.

February 18, 2022, 12:51 pm
Available for Pickup
CLEVELAND, OH 44114

**February 18, 2022, 12:27 pm**
Out for Delivery
CLEVELAND, OH 44114

**February 18, 2022, 12:16 pm**
Arrived at Post Office
CLEVELAND, OH 44101

**February 17, 2022, 1:51 pm**
Departed USPS Regional Destination Facility
CLEVELAND OH DISTRIBUTION CENTER

**February 17, 2022, 5:43 am**
Arrived at USPS Regional Destination Facility
CLEVELAND OH DISTRIBUTION CENTER

**February 16, 2022**
In Transit to Next Facility

**February 15, 2022, 10:24 pm**
Departed USPS Regional Facility
CINCINNATI OH DISTRIBUTION CENTER

**February 15, 2022, 8:06 pm**
Arrived at USPS Regional Origin Facility
CINCINNATI OH DISTRIBUTION CENTER

**February 15, 2022, 6:51 pm**
Accepted at USPS Origin Facility
MASON, OH 45040

**USPS Tracking Plus®**  ⌄

**Product Information**  ⌄

See Less ⌃

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

JOHN NOAKES

Plaintiff

v.

CASE WESTERN RESERVE
UNIVERSITY,

Defendant

Case No. 1:21-cv-1776-PAB

Judge: BARKER

ATTACHMENT TO SUBPOENA

Definitions.

The following definitions apply:

1. *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). This definition specifically includes any documents contained in personal email accounts used by officers, directors, employees, agents, or elected officials of defendants.

2. *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. This definition specifically includes any documents contained in personal email accounts used by officers, directors, employees, agents, or elected officials of defendants.

3. *Parties.* The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. "John Noakes" and "Jane Roe" are synonymous with the persons described and identified in the Complaint.

4. *Person.* The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

5. *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

6. *Sexual Misconduct.* The term "sexual misconduct" includes sexual assault, sexual exploitation, sexual intimidation, sexual harassment, domestic violence, dating violence and stalking, and is synonymous with the use of the term in the Case Western Reserve University "Interim Sexual Harassment Policy and Procedures for All Faculty, Students, Employees, and Third Parties."

1

7. *Retaliation.* The term "Retaliation" means any taking or attempting to take any adverse action, including intimidating, threatening, coercing, harassing, or discriminating, against any individual for the purpose of interfering with any right or privilege secured by law or policy, or because the individual has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing.

<u>Requests</u>

1. All documents concerning any investigation or adjudication of any claims that John Noakes committed Sexual Misconduct or Retaliation, including:
    a. any written complaints or reports, and any documents containing descriptions of any verbal complaints;
    b. all investigative reports, files, interview memoranda, witness statements, notes, and related documents;
    c. any communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by Baker & Hostetler to the respondent, complainant, witnesses, and any CWRU employees;
    d. any documents, including student academic records, memoranda, e-mails, notes, or other documents, that discuss or relate to accommodations or interim measures provided to the complainant while the complaint was being investigated or after the investigation concluded;
    e. any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action CWRU took in response to each complaint or report; and
    f. all fee agreements and billing statements.

2. All documents concerning any investigation or adjudication of any claims that John Noakes was the victim of Sexual Misconduct or Retaliation, including:
    a. any written complaints or reports, and any documents containing descriptions of any verbal complaints;
    b. all investigative reports, files, interview memoranda, witness statements, notes, and related documents;
    c. any communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by Baker & Hostetler to the respondent, complainant, witnesses, and any CWRU employees;
    d. any documents, including student academic records, memoranda, e-mails, notes, or other documents, that discuss or relate to accommodations or interim measures provided to the complainant while the complaint was being investigated or after the investigation concluded;
    e. any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action CWRU took in response to each complaint or report; and
    f. all fee agreements and billing statements.

3. Copies of any materials distributed at any training regarding Title IX as it applies to the investigation of complaints or reports of sexual misconduct or retaliation Baker &

       Hostetler provided or offered to the employees of CWRU or any other institution of higher education.

4. All documents concerning any investigation or adjudication of any formal or informal complaints or reports of sexual misconduct or retaliation made to CWRU conducted by Baker and Hostetler from 2016 to the present, including:
   a. any written complaints or reports, and any documents containing descriptions of any verbal complaints;
   b. all investigative reports, files, interview memoranda, witness statements, notes, and related documents;
   c. any communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by Baker & Hostetler to the respondent, complainant, witnesses, and any CWRU employees;
   d. any documents, including student academic records, memoranda, e-mails, notes, or other documents, that discuss or relate to accommodations or interim measures provided to the complainant while the complaint was being investigated or after the investigation concluded;
   e. any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action CWRU took in response to each complaint or report; and
   f. all fee agreements and billing statements.