IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN NOAKES, | ) | Case No. 1:21-cv-01776 |
| | ) | |
| Plaintiff, | ) | Judge Pamela A. Barker |
| | ) | |
| v. | ) | **DEFENDANT CASE WESTERN** |
| | ) | **RESERVE UNIVERSITY'S MOTION** |
| CASE WESTERN RESERVE UNIVERSITY, | ) | **FOR PROTECTIVE ORDER AND/OR** |
| | ) | **MOTION TO QUASH OR MODIFY,** |
| Defendant. | ) | **IN PART, THIRD-PARTY** |
| | ) | **SUBPOENAS ISSUED TO JANE ROE,** |
| | ) | **STUDENT 1, STUDENT 2, STUDENT** |
| | ) | **3 AND BAKER & HOSTETLER** |
| | ) | |

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(d), Defendant Case Western Reserve University ("CWRU" or the "University" or "Defendant") respectfully requests that this Court issue an Order precluding the production of any documents or information sought by Plaintiff through the third party subpoenas issued to Jane Roe, Student 1, Student 2, Student 3[1] and Baker & Hostetler that relate to any active and on-going investigations being conducted by CWRU.

As outlined in more detail in the attached Memorandum in Support, permitting the production of the documents and information sought by Plaintiff regarding active and on-going investigations at CWRU would unreasonably interfere with CWRU's obligation to fully and fairly investigate allegations under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§1681-1688 ("Title IX") and right to conduct its own disciplinary process. Specifically, Title IX requires all educational institutions that receive federal funds, including CWRU, to investigate complaints of sexual misconduct and related retaliation and to remediate violations of these

---

[1] The names of Students 1, 2, and 3 have been redacted to protect their identities and to avoid identification of "John Noakes" given the descriptions of active and on-going investigations involving Plaintiff and these students.

1

policies. Consistent with these obligations, CWRU maintains a Sexual Harassment Policy ("the Policy") which outlines its internal process for reviewing, evaluating and investigating complaints under Title IX. By issuing subpoenas requesting the production of documents and information regarding pending and on-going investigations that have yet to be completed or finalized, Plaintiff is asking this Court to interrupt and interfere with CWRU's ability to comply with Title IX and its processes outlined in its Policy. Further, permitting the discovery sought by Plaintiff in this case would provide an unfair advantage to any student subject to or involved in a Title IX investigation who files a lawsuit, as they would be able to conduct broad discovery not available to them through the Title IX process and obtain documents and information from other parties or witnesses for use against those other parties in connection with active and on-going Title IX investigations. Students who have not filed lawsuits would not have those same avenues for discovery available to them. The requests at issue seek to undermine the letter and spirit of Title IX, and the strong public policy favoring the ability of an educational institution to address disciplinary and Title IX matters independently. This Court should not allow Plaintiff to misuse the litigation process in this manner.

Accordingly, for the reasons stated below, CWRU's Motion for Protective Order and/or Motion to Quash or Modify, in Part, Third-Party Subpoenas to Jane Roe, Student 1, Student 2, Student 3 and Baker & Hostetler should be granted and disclosure of the documents and information sought in the subpoenas regarding active and on-going investigations should be precluded.

Respectfully submitted,

*/s/ Amanda Quan*
John Gerak (#0075431)
Amanda T. Quan (#0086623)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
john.gerak@ogletree.com
amanda.quan@ogletree.com

*Attorneys for Defendant Case Western Reserve University*

**MEMORANDUM IN SUPPORT**

I. **Plaintiff's Pending Title IX Complaints**

CWRU is currently investigating three Title IX complaints submitted by Plaintiff: (1) Plaintiff filed a retaliation complaint against Jane Roe (the individual who previously filed a sexual assault complaint against Plaintiff) regarding her alleged involvement in connection with a class survey and petition; (2) Plaintiff filed a retaliation complaint against Student 3 alleging that Student 3 was working with Jane Roe to retaliate against Plaintiff in connection with a class survey and petition; and (3) Plaintiff filed a retaliation complaint against another student, who Plaintiff contends is friends with Jane Roe, alleging that student is also working with Jane Roe to retaliate against Plaintiff. Students 1, 2, and 3 are all witnesses who were interviewed and/or identified in connection with Plaintiff's retaliation complaint against Jane Roe. These three investigations are active and on-going.

II. **Plaintiff's Third Party Subpoenas**

On November 8, 2022, Plaintiff served two subpoenas on Jane Roe, a non-party to this litigation, seeking her deposition on December 27, 2022 and the production of the following ("Roe Subpoena"):[2]

2. All documents and communications concerning the investigation and adjudication of [John Noakes'] allegations that you committed… retaliation.

6. All documents and communications concerning any professionalism matters and/or early concerns involving you.

9. All communications between any CWRU employee and you, your Counsel, or your Advisor concerning this Litigation or allegations that you… committed… retaliation.

---

[2] See Roe Subpoena attached hereto as Exhibit A.

4

These Requests seek the production of documents and information directly related to Plaintiff's current retaliation complaint against Jane Roe referenced above.

On November 8, 2022, Plaintiff also served a non-party subpoena on the law firm of Baker & Hostetler, which CWRU retained as external investigators in connection with Plaintiff's current retaliation complaint against Jane Roe ("Baker Subpoena"). The Baker Subpoena seeks "All documents and evidence concerning [Plaintiff's current retaliation complaint against Jane Roe] including, but not limited to, (i) communications with any Case Western Employees and Students; and (ii) notes or recordings of witness interviews."[3] This Request seeks the production of documents and information directly related to the active and on-going investigation into Plaintiff's retaliation complaint against Jane Roe referenced above.

Finally, on November 14, 2022, Plaintiff served three (3) additional subpoenas on current CWRU students, Student 1, Student 2 and Student 3, non-parties to this litigation, seeking the production of the following ("Student Subpoenas")[4]:

Students 1 and 2

1. All documents concerning the investigation and adjudication of any allegations that… [Jane Roe] committed… retaliation.

2. All communications between you and any other CWRU student concerning the investigation and adjudication of the allegations that… [Jane Roe] committed… retaliation.

---

[3] See Baker Subpoena attached hereto as Exhibit B.
[4] The Student Subpoenas are attached hereto as Exhibit C.

3. All communications between you and any other CWRU employee concerning the investigation and adjudication of the allegations that… [Jane Roe] committed… retaliation.

4. All documents and communications concerning any professionalism matters and/or early concerns involving… [Amber Olson].

5. All documents and communications concerning a Class Survey circulated on or about April 25, 2021 about [John Noakes] and "gender-based violence…"

6. All documents and communications concerning a Petition circulated on or about May 5, 2021 demanding that "the School of Medicine ought to take clear and decisive action by expelling" [John Noakes.]

These Requests seek the production of documents and information directly related to Plaintiff's current retaliation complaints against Jane Roe and Student 3 referenced above.

Student 3

1. All documents concerning the investigation and adjudication of any allegations that… [Jane Roe] committed… retaliation.

2. All communications between you and any other CWRU student concerning the investigation and adjudication of the allegations that… [Jane Roe] committed… retaliation.

3. All communications between you and any other CWRU employee concerning the investigation and adjudication of the allegations that… [Jane Roe] committed… retaliation.

4. All documents and communications concerning any professionalism matters and/or early concerns involving… [Amber Olson].

5. All documents and communications concerning a Class Survey circulated on or about April 25, 2021 about [John Noakes] and "gender-based violence…"

6. All documents and communications concerning a Petition circulated on or about May 5, 2021 demanding that "the School of Medicine ought to take clear and decisive action by expelling" [John Noakes.]

7. All documents concerning the investigation and adjudication of any allegations that you committed retaliation.

These Requests seek the production of documents and information directly related to Plaintiff's current retaliation complaints against Jane Roe and Student 3 referenced above.

### A. Production of the Documents and Information Sought in the Subpoenas Related to Active and On-Going Investigations Would Improperly Interfere with CWRU's Internal Investigatory Processes and its Title IX Obligations.

As outlined in CWRU's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order (ECF 15), it is well-established that universities and colleges must be afforded "deference in their disciplinary decisions and processes." *Doe v. The Ohio State Univ.*, 136 F.Supp.3d 854, 864-65 (S.D. Ohio 2016); *Marshall v. Ohio Univ.*, Case No. 2:15-cv-775, 2015 WL 1179955, *10 (S.D. Ohio Mar. 13, 2015). "Moreover, in the University setting a disciplinary committee is entitled to a presumption of honesty and integrity absent a showing of actual bias." *Doe. v. Univ. of Cincinnati*, No. 1:15-cv-600, 2015 WL 5729328, at *2 (S.D. Ohio Sept. 30, 2015) (citing *McMillan v. Hunt,* No. 91-3843, 1992 WL 168827, at *2 (6th Cir. 1992)). Stated differently, "[j]udges must be sensitive to the effects on education of heavy-handed judicial intrusion into school disciplinary issues… [and] one component of academic freedom is the right of schools to a degree of autonomy in the management of their internal affairs." *Doe v. St. Francis School Dist.*, 694 F.3d 869, 873 (7th Cir. 2012). Indeed, "[a]s a general rule, Title IX is not an invitation for

courts to second-guess disciplinary decisions of colleges or universities." *Doe v. Univ. of St. Thomas*, 240 F.Supp.3d 984, 989 (D. Minn. 2017); see also *Stenzel v. Peterson,* No. 17-580, 2017 WL 4081897, at *3 (D. Minn. Sept. 13, 2017). Federal courts in Ohio are generally "reluctant to interfere with [a university's] disciplinary processes, which are specifically designed to 'provide an environment that facilitates learning.'" *Marshall v. Ohio Univ.,* supra, at *10.

Indeed, Courts have shown their deference to disciplinary processes that are active and on-going at the time of litigation by routinely denying motions for temporary restraining orders in actions against institutions of higher education to allow the institutions to proceed through their stated disciplinary and investigatory procedures without interruption. *See, e.g., Roe v. Director, Miami Univ., Office of Community Standards*, No. 1:19-cv-136, 2019 WL 1439585, at *9 (S.D. Ohio April 1, 2019) (court declining to interfere where Title IX matter was still ongoing); *Doe v. Oberlin College*, No. 1:20CV669, 2020 WL 1696979, at *2 (N.D. Ohio April 7, 2020) (same).

As outlined above, CWRU has not yet completed its investigations into the three pending retaliation complaints filed by Plaintiff, and the identified requests outlined in the third-party subpoenas issued in this case seek documents and information about such active and on-going investigations. Permitting discovery into these active and on-going investigations would interrupt and interfere with CWRU's ability to comply with Title IX and its processes outlined in its Policy. CWRU must be permitted to comply with its Title IX obligations and to conduct its investigations without prejudicial interference.

### B. The Subpoenas Are A "Fishing Expedition" Seeking Irrelevant Documents

"[D]istrict courts have discretion to limit the scope of discovery [when] the information sought is overly broad…." *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). In determining the proper scope of discovery, a district

court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg.,* 326 Fed. Appx. 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1998)).

In deciding whether to quash a subpoena, "Courts must balance the need for discovery against the burden imposed on the person ordered to produce the documents, and the status of that person as a non-party is a factor." *New Prods. Corp. v. Dickinson Wright PLLC*, 890 F.3d 244, 251 (6th Cir.2018).

Here, the Court should quash the Subpoenas, to the extent they seek information and documents related to active and on-going investigations, as any claims based upon active and on-going investigations are not yet ripe. These subpoenas are seemingly intended to solely victimize complainants and witnesses, and disrupt and interfere with university processes.

**4. Conclusion**

For the reasons stated above, CWRU respectfully requests that this Court grant CWRU's Motion for Protective Order and/or Motion to Quash or Modify, in Part, Third-Party Subpoenas to Jane Roe, Student 1, Student 2, Student 3 and Baker & Hostetler and preclude the disclosure of the documents and information sought in the subpoenas regarding active and on-going investigations.

Respectfully submitted,

*/s/ Amanda T. Quan*
John Gerak (#0075431)
Amanda T. Quan (#0086623)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
john.gerak@ogletree.com
amanda.quan@ogletree.com

*Attorneys for Defendant Case Western Reserve University*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Amanda T. Quan*
*One of the Attorneys for Defendant*