

Joshua Engel, Partner
Jim Hardin, Partner
Mary Martin, Partner
Anne Tamashasky, Of Counsel

December 2, 2022

**<u>Via ECF Only</u>**
The Honorable Pamela A. Barker
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 16A
Cleveland, Ohio 44113-1838

    Re:    *Noakes v. Case Western Reserve University, et al.*
           N.D. Ohio Case Number 1:21-cv-01776

Dear Judge Barker:

Please accept this letter as Plaintiff's Position Paper in accordance with the Court's Discovery Dispute Standing Order. This Position Paper is intended to address the issue surrounding a proposed protective order.

In accordance with the Court's Order, the undersigned certifies that, in accordance with Fed. R. Civ. P. 26 and 37 and Local Rule 37.1, Counsel have attempted to resolve this issue in good faith prior to seeking the assistance of the Court.

This Position Paper is accompanied by relevant correspondence of the parties. This Paper is also accompanied by a Draft Proposed Protective Order, and a recent "mark-up" showing edits suggested and made by the parties.

Personal identifying information contained in education records is protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99. The parties have recommended that Defendant produce responsive documents with all personal identifiers redacted to the extent practicable. This is a common practice. *See Project on Predatory Lending of the Legal Servs. Ctr. of Harvard Law School v. United States DOJ*, 325 F. Supp. 3d 638, 664 (W.D.Pa. 2018) (permitting production of FERPA material subject to protective order); *Jackson v. Willoughby Eastlake Sch. Dist.*, N.D. Ohio No. 1:16-cv-3100, 2018 U.S. Dist. LEXIS 49508, *4 (N.D. Ohio Mar. 23, 2018) (FERPA material may be produced subject to a protective order); Doe v. Ohio State Univ., S.D.Ohio No.2:16-cv-171, 2018 U.S. Dist. LEXIS 176752, at *14 (Oct. 15, 2018) (requiring production of student records "pursuant to the parties' stipulated protective order").

### A.      Counsel Have Unsuccessfully Attempted to Negotiate A Joint proposed Order

Counsel have been aware of issues surrounding FERPA materials since the beginning of this litigation and have exchanged multiple draft protective orders. This issue was left unaddressed as the parties discussed settlement and has become important as discovery proceeds. Action is needed now because third parties have (legitimately) indicated a reluctance to respond to subpoenas in the absence of a protective order to protect FERPA materials.

Plaintiff is seeking the Court's assistance because CWRU continues to delay agreeing to a proposed Order. The Court's September 6, 2022 Docket entry indicates that the parties were working on a draft protective order for submission to the Court for approval at the end of the summer.

On September 13, 2022, Counsel indicated that she would "look at the… protective order later this week, which we can aim to file early next week."

On September 20, in response to an inquiry about the status of the protective order, Counsel said, "I will confer on the protective order shortly."

On October 12, 2022, Counsel for Plaintiff noted, "I am [still] awaiting what I hope are final comments on the protective order we have been working on." On October 18, 2022, Counsel, again, asked, "Where are you on Protective Order?"

On November 10, 2022, Counsel for Defendant sent some revisions. Counsel for Plaintiff provided edits (accepting most proposed changes) and emailed back a copy a few days later. The parties conferred on the remaining issues and Counsel for Defendant indicated a need to get back with her client on the issues outlined in this letter. On November 18, 2022, Counsel for CWRU promised to try to resolve outstanding issues on the protective order by noon. That did not happen. On November 30, 2022, Counsel sent another email stating, simply, "where are we on the protective order?" Having received no response, Plaintiff now seeks the assistance of the Court.

### 2.      The Protective Order Should Be Limited To FERPA Materials

CWRU seeks to have the Protective Order reach beyond FERPA. This is unnecessary. There is no indication that any medical records, trade secrets, or propriety information will be sought by discovery. These can be addressed in the unlikely event they arise after the U.S. Supreme Court's recent decision barring the recovery of emotional distress damages under anti-discriminatory legislation passed pursuant to Spending Clause authority, like Title IX. *Cummings v. Premier Rehab Keller PLLC*, ___ U.S. ___, 142 S.Ct. 1562 (2022).

Plaintiff has a legitimate concern that CWRU wishes to create an undue burden by cloaking all school records under a broad "confidentiality" definition. This is improper, as all school records are not subject to confidentiality protections beyond FERPA.[1] Plaintiff will not speculate on CWRU's motivation

---

[1] "By its plain terms, FERPA does not create an evidentiary privilege." *Doe v. N. Kentucky Univ.*, E.D.Ky. No. 2:16-CV-28, 2016 U.S. Dist. LEXIS 146744, at *7 (Oct. 24, 2016), *quoting Garza v. Scott and White Mem. Hosp.*, 234

except to note that CWRU's response to issues surrounding sexual assault on campus have received significant attention and criticism from both alleged victims and students accused of misconduct. *See, generally,* Amended Complaint ¶¶ 11-28.

While the protections against the unauthorized disclosure of educational records FERPA affords are broad, FERPA does not absolutely prohibit the disclosure of educational records, or otherwise prevent discovery of relevant records under the Federal Rules of Civil Procedure. This Court has observed, "FERPA is not a law which absolutely prohibits the disclosure of educational records; rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records" *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004). *See also Rios v. Read*, 73 F.R.D. 589, 598 (D.C.N.Y. 1977) (explaining that FERPA did not intend to create a "'school-student privilege analogous to a doctor-patient or attorney-client privilege" and that the Act should not be used as a cloak for alleged discriminatory practices); *D'Elia v. Indian River Cty. School Bd.*, S.D.Fla. , 2022 U.S. Dist. LEXIS 19313, at *15 (Feb. 2, 2022) ("FERPA, however, does not prevent disclosure of the student records subject to disclosure under the Federal Rules of Civil Procedure.").

3. **An "Order" Is Necessary To Avoid Confusion About The FERPA Regulations**

During a conversation on November 18, 2022 this issue appeared to be the only issue to resolve. (*See* Correspondence.)

A portion of the FERPA regulation have created some confusion, which is why Plaintiff is requesting the inclusion of Section 1.5(c) in the proposed Order. This provision clarifies that discovery obligations are "orders" of the Court; this provision is not intended to prevent any party from asserting any applicable objection or privilege.

Why is this necessary? Because 34 C.F.R. § 99.31(a)(9)(i) provides that disclosure of records by schools may only be made to "to comply with a judicial order or lawfully issued subpoena." In the view of some schools and student advocates, discovery is not a "judicial order" or "subpoena." Yale University, for example, raised this argument twice. *Metcalf v. Yale Univ.*, D.Conn. No. 15-cv-1696, 2017 U.S. Dist. LEXIS 21032, at *13 (Feb. 15, 2017); *Doe v. Yale Univ.*, 564 F. Supp. 3d 11, 20 (D.Conn. 2021). The court ultimately rejected Yale's argument: "courts have found that FERPA does not prevent the disclosure of students' educational records in connection with discovery in a case." *Metcalf* 2017 U.S. Dist. LEXIS 21032, at *13. In this case, while CWRU has not made this argument, some of the persons named in records may assert this argument in bad faith in order to delay the litigation.

---

F.R.D. 617, 624 (W.D. Tex. 2005). See also *C.R. v. Novi Cmty. Sch. Dist.*, E.D.Mich. No. 14-14531, 2016 U.S. Dist. LEXIS 3450, *6 (Jan. 1, 2016) ("Statutory confidentiality provisions such as those under FERPA and HIPAA do not create evidentiary privileges."); *Edmonds v. Detroit Pub. Sch. Sys.*, E.D. Mich. No. 12-CV-10023, 2012 U.S. Dist. LEXIS 164503 at *3 (Nov. 19, 2012) (FERPA does not create a privilege).

**CONCLUSION**

Plaintiff urges the Court to adopt the proposed protective order recommended by Plaintiff. We thank the Court for the attention to this matter.

                                                  Sincerely,

                                                  Joshua Engel

cc:      All Counsel (via ECF)