IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN NOAKES, | ) | Case No. 1:21-cv-01776 |
| | ) | |
| Plaintiff, | ) | Judge Pamela A. Barker |
| | ) | |
| v. | ) | **DEFENDANT CASE WESTERN** |
| | ) | **RESERVE UNIVERSITY'S REPLY** |
| CASE WESTERN RESERVE UNIVERSITY, | ) | **BRIEF IN SUPPORT OF ITS MOTION** |
| | ) | **FOR PROTECTIVE ORDER AND/OR** |
| Defendant. | ) | **MOTION TO QUASH OR MODIFY,** |
| | ) | **IN PART, THIRD-PARTY** |
| | ) | **SUBPOENAS ISSUED TO JANE ROE,** |
| | ) | **STUDENT 1, STUDENT 2, STUDENT** |
| | ) | **3 AND BAKER & HOSTETLER** |

In the subpoenas at issue, Plaintiff seeks two categories of documents from individuals against whom he has submitted retaliation complaints, witnesses involved in Case Western Reserve University's ("CWRU") investigation into these complaints, and the external investigators retained to investigate these complaints: (1) documents regarding *past* complaints that CWRU has already fully investigated and adjudicated; and (2) documents regarding *pending* complaints, which are the subject of *ongoing* investigations in accordance with CWRU's obligations under Title IX of the Education Amendments Act of 1972 ("Title IX"). CWRU does not object to the first category of documents, but rather, only seeks to limit the subpoenas to the extent they seek to interfere with CWRU's *ongoing* investigations and unfairly prejudice parties and witnesses involved in such investigations.

A court must quash or modify a subpoena that "requires disclosure of… protected matter" or "subjects a party to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). And, as outlined in Plaintiff's Opposition, a court may issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among

1

other things, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[1] Fed. R. Civ. P. 26(c)(1)(D).

Title IX requires that schools adopt grievance procedures to address allegations of sexual harassment and related retaliation. CWRU's Title IX policy, attached to Plaintiff's Amended Complaint as ECF 41-1, outlines its investigation process, which does not permit for parties to directly seek discovery from one another or from witnesses. Plaintiff's argument that the requested discovery should "aid" CWRU's investigation (Plaintiff's Opposition, p. 9) undermines CWRU's rights and obligations under Title IX to follow its published grievance procedures and processes. Plaintiff should not be permitted to direct CWRU's investigation efforts or otherwise alter CWRU's published process, in violation of Title IX, via discovery in this lawsuit.

"As a general rule, Title IX is not an invitation for courts to second-guess disciplinary decisions of colleges or universities" and "Title IX should be construed to give school administrators the flexibility they require to initiate a reasonable disciplinary response." *Doe v. Univ. of St. Thomas*, 240 F.Supp.3d 984, 989-990 (D. Minn. 2017) (internal citations omitted). It is well established that "[j]udges must be sensitive to the effects on education of heavy-handed judicial intrusion into school disciplinary issues… [and] one component of academic freedom is the right of schools to a degree of autonomy in the management of their internal affairs." *Doe v. St. Francis School Dist.,* 694 F.3d 869, 873 (7th Cir. 2012).

Permitting the discovery requested by Plaintiff concerning ***pending*** complaints that are the subject of ***ongoing*** investigations would jeopardize CWRU's ability – and frankly the ability of

---

[1] In his Opposition, Plaintiff contends CWRU's Motion should be denied as procedurally improper. As an initial matter, counsel for the parties have had several discussions about CWRU's objection to discovery into ***ongoing*** investigations (*see* ECF 52-4, ¶ 2). In addition, although the Standing Order references disputes involving "written discovery requests," given this dispute involved third-party subpoenas issued to non-parties, in an abundance of caution, CWRU filed its Motion on the earliest date of compliance simply to preserve its rights.

every other university and college across the nation – to enforce disciplinary standards and processes and to carry out legal obligations under Title IX to respond to sexual harassment (and related retaliation). If this Court were to permit the requested discovery, any complainant or respondent in an active Title IX investigation could simply file a lawsuit and serve subpoenas to other parties and witnesses in order to circumvent the Title IX policies and procedures colleges and universities are permitted and required to establish and follow. Allowing Plaintiff to obtain the requested discovery through this lawsuit would undermine CWRU's Title IX process and its ability to maintain and follow its outlined process as required by Title IX.

This reasoning is similarly applied in cases where there are ***ongoing*** criminal investigations. *See, e.g. In re Department of Investigation of City of New York*, 856 F.2d 481, 484-485 (2nd Cir. 1988) (recognizing the importance of protecting documents related to ongoing criminal investigations "to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation" and acknowledging "[t]he danger of… deterring witnesses from cooperating with [the investigation] out of fear of disclosure"); *Day v. CHSV Fairway View, LLC*, 2002 WL 4239061 (M.D. La. Sept. 14, 2022) (granting a motion to quash a subpoena seeking information about a pending criminal investigation).

A court order allowing the requested discovery into ***ongoing*** Title IX investigations would have a chilling effect on CWRU's ability to protect its Title IX grievance process as such a ruling would deter parties and witnesses from agreeing to participate in the Title IX process for fear that doing so would subject them to similar subpoenas (or deposition testimony). This Court must protect the letter and spirit of Title IX, and the strong public policy favoring the ability of an educational institution to address disciplinary and Title IX matters independently. Accordingly,

CWRU respectfully requests that this Court grant its Motion and order that disclosure of the documents and information sought in the subpoenas[2] regarding *ongoing* Title IX investigations be precluded.

If this Court is not inclined to quash or modify, in part, the subpoenas, CWRU respectfully requests that it stay discovery related to *pending* Title IX investigations until after CWRU completes its investigations and adjudications in compliance with its obligations under Title IX. *See, e.g., Day* at *4 (court ordered stay of discovery pending conclusion of the ongoing criminal investigation).

Respectfully submitted,

*/s/ Amanda T. Quan*
John Gerak (#0075431)
Amanda T. Quan (#0086623)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
john.gerak@ogletree.com
amanda.quan@ogletree.com

*Attorneys for Defendant Case Western Reserve University*

---

[2] In his Opposition, Plaintiff contends that the subpoena for deposition testimony of Jane Roe is not covered by CWRU's Motion. (Opposition, p. 14.) This is incorrect. To the extent Plaintiff intends to depose Jane Roe as to matters that are the subject of *ongoing* Title IX investigations, CWRU seeks to preclude such testimony, and it is for that reason the subpoena for deposition testimony of Jane Roe was attached and included in CWRU's Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7th, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>/s/ Amanda T. Quan
>*One of the Attorneys for Defendant*