**From:** Joshua Adam Engel engel@engelandmartin.com
**Subject:** Noakes - CWRU Discovery Discussions
**Date:** December 8, 2022 at 8:29 AM
**To:** Quan, Amanda T. amanda.quan@ogletree.com
**Cc:** Jim Hardin hardin@engelandmartin.com



This Email is intended to summarize our discussion of various issues pursuant to the Court's recent Order. Please let me know if you disagree with any of my summary.

**Protective Order:**

I believe we have a final agreement on this and I submitted a draft to you yesterday. You anticipated getting back to me with final approval today.

**Initial Disclosures**

You have agreed to provide Initial Disclosures by the end of the week.

**Production of Documents**

You have agreed that the production of documents will continue on a rolling basis, with additional documents expected to be produced this week, and that all documents will be produced by December 23, 2022.

**Search Terms And Electronic Discovery**

You have agreed to provide this week a list of search terms used and user accounts searched and to engage in good faith discussions about the need to modify those terms or accounts.

You have agreed to let me know today if CWRU will refuse to search student accounts for responsive documents.

One thing we need to be clear about: we do not believe that CWRU has complied with its discovery obligations simply by searching email accounts, and our discussion about this matter should not be taken as an agreement that merely searching email accounts is sufficient. We expect CWRU to produce by 12/23/2022 all documents, electronically stored information, and tangible in its possession, custody, or control. This likely includes documents, notes, text messages, and other material not contained in the email accounts.

**Privilege Log**

CWRU will provide a privilege log by December 23, 2022.

**Requests for Admissions Cannot "Speak for Themself" (RFA#7, RFA#8),**

You have agreed to review requests for admissions where the response includes that a document "'speaks for itself and let me know today if CWRU will be providing supplemental responses.

**Information On Jane Roe And Other Students (RFA#12, RFP#15, RFP#16, RFP#17, RFP#18, RFP#19**

You will confirm today whether CWRU will continue to object to the disclosure of Jane Roe's academic file and other documents that may show the supportive measures she received.

You have agreed to provide any communications with advocates or advisors, if any. We agree that any communications with counseling services should remain confidential, you have agreed that CWRU would produce any communications with advocates such as the CWRU "Student Advocate for Gender Violence Prevention, Education, and Advocacy Case Western Reserve University."

We also discussed the possibility that CWRU has in its possession communications with Jane Roe's counsel. Our view is that there is no expectation of privacy in these emails, but CWRU will segregate those documents and provide Jane Roe's counsel an opportunity to raise objections before production. We request that CWRU provide a log of these communications.

**"Narrative Objections" (Int#5, Int#6, Int#8, Int#11, Int#12, Int#13, Int#15)**

You have agreed to review the objections that interrogatories "call for narrative" and let me know today if CWRU will be providing supplemental responses

**Improper Reliance On Civil Rule 33(d) (Int#5, Int#11, Int#12, Int#13, Int#15)**

You have agreed to review whether CWRU's reliance on Rule 33(d) is appropriate in all instances and let me know today if CWRU will be providing supplemental responses.

**Trainings**

We have agreed to limit trainings to the past five years.  You had expressed some concern that some of the "target audiences" for trainings may not be relevant.  To answer this, you have agreed to provide today the list of such "target audiences" so that we can determine if some training materials may be beyond the scope of needed discovery.  Please provide that list today.  At a minimum, in CWRU's production by 12/23, the training provided to those involved in this case — particularly faculty and staff — should be provided.

**Improper Vague and Ambiguous Objections and Non-Responsive Answers (Int#5, Int#6, Int#, Int#14, RFP#4, RFP#5, RFP#6, RFP#7, RFP#8, RFP#9, RFP#10, RFP#11)**

I believe we have clarified all terms that you believe are vague and ambiguous.

**Other Investigations (Int#6, Int#8, RFP#27, RFP#28, RFP#29)**

We have agreed that CWRU would provide full and complete responses to Interrogatories Nos. 6, 7, and 8.  We expect to receive this by 12/23/2022.  After we review these responses, we will attempt to limit the investigations requested to those that are discoverable to show potentially similarly situated individuals or whether Defendant has engaged in a pattern of discrimination.

**Response to External Pressure and Trainings (Int#11, Int#12, Int#13, Int#15, RFP#20, RFP#21, RFP#23, RFP#24, RFP#26)**

You will get back to us today whether CWRU will continue to object that evidence of pressure from the federal government and other sources to crack-down on sexual assault on campus is relevant.

Separately, we discussed that CWRU's communications with federal investigators about this and other matters is independently relevant, particularly as we know that federal investigators spoke to CWRU specifically about Plaintiff's matter.  You will let us know today if CWRU continues to object to these requests.

**Other Professionalism Matters (RFP#31, RFP#32, Second Set RFP#16-19)**

You have agreed to produce any documents supporting the deposition testimony and affidavits in this case where witnesses stated that CWRU Medical school has a practice of reviewing Title IX reports.

I think that is everything.  Please let me know if I go anything wrong.

— Josh


_____
Joshua Adam Engel
Engel & Martin, LLC
4660 Duke Drive, Suite 101
Mason, OH  45040
513-445-9600
engel@engelandmartin.com
www.engelandmartin.com | @engelandmartin



CONFIDENTIALITY NOTICE: The information contained in this E-mail, including any attachments, may be attorney-client privileged and/or confidential, and is intended only for the above named addressee. If the reader of this E-mail is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any examination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or via E-mail.