**From:** Quan, Amanda T. amanda.quan@ogletree.com
**Subject:** RE: Noakes - CWRU Discovery Discussions
**Date:** December 8, 2022 at 11:39 PM
**To:** Joshua Adam Engel engel@engelandmartin.com
**Cc:** Jim Hardin hardin@engelandmartin.com



Good evening, Josh,

Please see my responses in red below.  I am available to discuss tomorrow morning between 10:30 a.m. – 12 p.m. or after 2 p.m.  Thanks,

**Amanda T. Quan | Ogletree Deakins**
Key Tower, 127 Public Square, Suite 4100 | Cleveland, OH 44114 | Telephone: 216-274-6905
amanda.quan@ogletree.com | www.ogletree.com | Bio

**From:** Joshua Adam Engel <engel@engelandmartin.com>
**Sent:** Thursday, December 8, 2022 8:30 AM
**To:** Quan, Amanda T. <amanda.quan@ogletreedeakins.com>
**Cc:** Jim Hardin <hardin@engelandmartin.com>
**Subject:** Noakes - CWRU Discovery Discussions

*[Caution: Email received from external source]*

This Email is intended to summarize our discussion of various issues pursuant to the Court's recent Order.  Please let me know if you disagree with any of my summary.

**Protective Order:**
I believe we have a final agreement on this and I submitted a draft to you yesterday.  You anticipated getting back to me with final approval today.  I sent back further proposed edits to you this afternoon and, following an additional telephone call about the matter, you circulated a further revised draft.  I will get back to you on your further proposed revisions tomorrow morning.

**Initial Disclosures**
You have agreed to provide Initial Disclosures by the end of the week.  Correct.

**Production of Documents**
You have agreed that the production of documents will continue on a rolling basis, with additional documents expected to be produced this week, and that all documents will be produced by December 23, 2022.  This is correct, except as to documents relating to *ongoing* Title IX investigations.  As discussed during our previous calls, we would plan to provide responsive, non-privileged documents concerning Plaintiff's pending retaliation complaints following the completion of CWRU's investigation and adjudication process.

**Search Terms And Electronic Discovery**
You have agreed to provide this week a list of search terms used and user accounts searched and to engage in good faith discussions about the need to modify those terms or accounts.  Correct.
You have agreed to let me know today if CWRU will refuse to search student accounts for responsive documents.  I conferred with CWRU.  While CWRU is obviously willing to (and is currently in the process of) searching through the CWRU email accounts of its administrators, faculty, and staff involved in the relevant events at issue in this case, absent some articulated or demonstrated and genuine need for specific and tailored searches of

with students to communicate and gather more responsive and limited relative to particular student email accounts, CWRU will not be searching the CWRU email accounts of its students.

One thing we need to be clear about: we do not believe that CWRU has complied with its discovery obligations simply by searching email accounts, and our discussion about this matter should not be taken as an agreement that merely searching email accounts is sufficient. We expect CWRU to produce by 12/23/2022 all documents, electronically stored information, and tangible in its possession, custody, or control. This likely includes documents, notes, text messages, and other material not contained in the email accounts.

**Privilege Log**

CWRU will provide a privilege log by December 23, 2022. Correct.

**Requests for Admissions Cannot "Speak for Themselves" (RFA#7, RFA#8),**

You have agreed to review requests for admissions where the response includes that a document "'speaks for itself and let me know today if CWRU will be providing supplemental responses. We are reviewing and evaluating Request for Admission Nos. 7 and 8, and plan to provide amended responses by December 16, 2022.

**Information On Jane Roe And Other Students (RFA#12, RFP#15, RFP#16, RFP#17, RFP#18, RFP#19**

You will confirm today whether CWRU will continue to object to the disclosure of Jane Roe's academic file and other documents that may show the supportive measures she received. We will be producing documents showing supporting measures offered to and received by Jane Roe. Based on our telephone call, I understand that by "academic file," you mean Ms. Roe's academic transcript. If there are additional documents you intend to seek in connection with Jane Roe's "academic file," please let me know. CWRU's position relative to the request for Ms. Roe's academic transcript depends in part on the final terms of the protective order we are able to agree upon (as it relates to the handling of FERPA protected information), so once we finalize the protective order, we will return to this issue.

You have agreed to provide any communications with advocates or advisors, if any. We agree that any communications with counseling services should remain confidential, you have agreed that CWRU would produce any communications with advocates such as the CWRU "Student Advocate for Gender Violence Prevention, Education, and Advocacy Case Western Reserve University."

We also discussed the possibility that CWRU has in its possession communications with Jane Roe's counsel. Our view is that there is no expectation of privacy in these emails, but CWRU will segregate those documents and provide Jane Roe's counsel an opportunity to raise objections before production. We request that CWRU provide a log of these communications.

This is incorrect. CWRU objects to the production of student counseling records. And, as outlined above, please see CWRU's position relative to the search of student email accounts.

**"Narrative Objections" (Int#5, Int#6, Int#8, Int#11, Int#12, Int#13, Int#15)**

You have agreed to review the objections that interrogatories "call for narrative" and let me know today if CWRU will be providing supplemental responses As I indicated during our call yesterday, courts have recognized that interrogatories may be objected to to the extent they improperly call for a narrative response. *See, e.g., Gregg v. Local 305 Ibew*, 1:08-CV-160, 2009 WL 1325103 (N.D. Ind. May 13, 2009). Regardless, information was not withheld from the responses to these referenced interrogatories on this basis.

**Improper Reliance On Civil Rule 33(d) (Int#5, Int#11, Int#12, Int#13, Int#15)**

You have agreed to review whether CWRU's reliance on Rule 33(d) is appropriate in all

instances and let me know today if CWRU will be providing supplemental responses. CWRU will be providing supplemental responses to clarify the responsive documents by December 23, 2022.

**Trainings**

We have agreed to limit trainings to the past five years. You had expressed some concern that some of the "target audiences" for trainings may not be relevant. To answer this, you have agreed to provide today the list of such "target audiences" so that we can determine if some training materials may be beyond the scope of needed discovery. Please provide that list today. At a minimum, in CWRU's production by 12/23, the training provided to those involved in this case — particularly faculty and staff — should be provided. Correct as to the five year limit. I did not agree to provide a list of "target audiences" by today. I did agree that we would review and identify categories of target audiences if we would be seeking to further tailor the production. Otherwise, we would intend to produce the training materials discussed by December 23, 2022.

**Improper Vague and Ambiguous Objections and Non-Responsive Answers (Int#5, Int#6, Int#, Int#14, RFP#4, RFP#5, RFP#6, RFP#7, RFP#8, RFP#9, RFP#10, RFP#11)**

I believe we have clarified all terms that you believe are vague and ambiguous. Specifically, as to "trainings," you clarified that you mean trainings contemplated by Title IX. As to the other vague and ambiguous objections, while we are not withdrawing the stated objections, I believe that based on our discussion we understand what it is you are seeking in the referenced requests.

**Other Investigations (Int#6, Int#8, RFP#27, RFP#28, RFP#29)**

We have agreed that CWRU would provide full and complete responses to Interrogatories Nos. 6, 7, and 8. We expect to receive this by 12/23/2022. After we review these responses, we will attempt to limit the investigations requested to those that are discoverable to show potentially similarly situated individuals or whether Defendant has engaged in a pattern of discrimination. We agreed to provide a de-identified (without student names) response to Interrogatory Nos. 6 and 8. For Interrogatory No. 8, as I mentioned during our call, from my understanding, the process of having the COS review Title IX cases where there are professionalism issues began in or around June 2018.

**Response to External Pressure and Trainings (Int#11, Int#12, Int#13, Int#15, RFP#20, RFP#21, RFP#23, RFP#24, RFP#26)**

You will get back to us today whether CWRU will continue to object that evidence of pressure from the federal government and other sources to crack-down on sexual assault on campus is relevant. We understand that the Amended Complaint includes Title IX retaliation, Title IX deliberate indifference, and Title IX selective enforcement claims. We are not aware of any Title IX erroneous outcome claims (requiring that a plaintiff prove a causal connection between the flawed outcome and gender bias). We understand that some courts permit a plaintiff to seek and use evidence of federal pressure in connection with erroneous outcome claims, but again, we are not aware of any such allegations in this case. Accordingly, the requested information is not relevant to the claims in this case. If we are misunderstanding the nature of Plaintiff's claims, please let me know.

Separately, we discussed that CWRU's communications with federal investigators about this and other matters is independently relevant, particularly as we know that federal investigators spoke to CWRU specifically about Plaintiff's matter. You will let us know today if CWRU continues to object to these requests. See above.

**Other Professionalism Matters (RFP#31, RFP#32, Second Set RFP#16-19)**

You have agreed to produce any documents supporting the deposition testimony and

You have agreed to produce any documents supporting the deposition testimony and affidavits in this case where witnesses stated that CWRU Medical school has a practice of reviewing Title IX reports.  We agreed to provide de-identified and redacted documents evidencing the School of Medicine's policy and practice of reviewing Title IX matters where there are professionalism issues.

I think that is everything.  Please let me know if I go anything wrong.

— Josh

_____
Joshua Adam Engel
Engel & Martin, LLC
4660 Duke Drive, Suite 101
Mason, OH  45040
513-445-9600
engel@engelandmartin.com
www.engelandmartin.com | @engelandmartin



CONFIDENTIALITY NOTICE: The information contained in this E-mail, including any attachments, may be attorney-client privileged and/or confidential, and is intended only for the above named addressee. If the reader of this E-mail is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any examination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or via E-mail.