IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES, | Case No. 1:21-cv-1776-PAB |
| Plaintiff, | Judge: BARKER |
| v. | STIPULATED PROTECTIVE ORDER |
| CASE WESTERN RESERVE UNIVERSITY, | |
| Defendant. | |

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of: (1) information protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, (2) information involving intimate issues such as sexual activities, or (3) information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information or personnel records.[1]  Good cause exists to protect this information from public disclosure.  In the absence of an Order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

Accordingly, based upon the agreement of the parties, the parties shall adhere to the following:

1. DESIGNATION OF PROTECTED MATERIAL

    1.1     This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof,  including

---

[1] If, during the course of discovery in this case, additional categories of confidential or sensitive information that should be protected from public disclosure are requested, the producing party may provide the requesting party with written notice of its or his intent to treat such information as confidential.  Until such time as the parties agree to an amendment or modification of this Order and the Court enters the stipulated amendment/modification, or, if the parties are unable to agree to an amendment or modification, then until such time as the Court rules on the matter, the parties agree to treat the additional categories of confidential or sensitive information as Protected Material under the terms of this Order.  Nothing in this paragraph should delay the production of any confidential or sensitive information, however.

documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

1.2 In connection with discovery proceedings in this action, any party (or third party producing documents in this case) may designate any non-public document, material, or information as "CONFIDENTIAL" (referred to as "Protected Material") that the party reasonably and in good faith believes to contain: (a) confidential information protected from disclosure by FERPA; (b) information involving intimate issues such as sexual activities; or (c) information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information or personnel records.

1.3 Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL and indicating the identity of the producing party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

1.4 Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

> (a) Any party may designate any portion or all of a deposition as CONFIDENTIAL by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and
>
> (b) Any party may also designate any portion or all of a deposition as CONFIDENTIAL by notifying the other party in writing within ten days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as CONFIDENTIAL for a period of ten days after the receipt of the transcript to permit

adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

1.5 Whenever any discovery request requires Defendant to produce Protected Materials documents or other information containing Personally Identifiable Information (as that term is defined in 34 CFR § 99.3) of students, the following procedures shall apply:

(a) The parties agree that, in compliance with FERPA, the Personally Identifiable Information of any students will be redacted prior to production in discovery in this case. Documents or other information produced pursuant to this paragraph shall not be considered to be CONFIDENTIAL, unless appropriately designated as such in accordance with this Order.

(b) If a party inadvertently discloses any document or thing containing the Personally Identifiable Information of any students, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material with the Personally Identifiable Information of students redacted. The receiving party shall thereafter treat the information as if it had been properly redacted from the outset and shall make a reasonable effort to retrieve and destroy the unredacted versions of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Order. Nothing in this Order shall preclude the receiving party from challenging the redactions of the late-marked material.

(c) In accordance with FERPA, if Plaintiff seeks an unredacted copy of a document containing Personally Identifiable Information of a student, Plaintiff may seek a separate court order requiring production of such a document. In the event this Court orders production of any document containing Personally Identifiable Information of a student, prior to the production of any such unredacted Protected Material, Defendant shall make a reasonable effort to notify the student or the student's parent of the request for the production of the Protected Material as required by 34 CFR § 99.31(a)(9)(ii). After ten days, if no protective action has been sought by the parent or student, Defendant shall produce the unredacted Protected Material. The parties agree that this Paragraph 1.5(c) is not intended to limit Defendant's rights under FERPA or otherwise expand Defendant's obligations under FERPA.

2. ACCESS TO AND USE OF PROTECTED MATERIAL

2.1 Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action (including any appeals) and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

2.2 Protected Material may be disclosed only to:

(a) Any party or employee of a party to whom disclosure is reasonably necessary for this litigation and to the extent the party's counsel exercises his/her professional judgment that specific information should be disclosed to the party, or employee of a party, so he/she can make informed decisions regarding this pending litigation.

(b) The attorneys of record and their employees or outsourced personnel who are engaged in assisting in this action;

(c) Any Independent consultants or experts retained by the party or its attorneys in connection with this action;

(d) The Court and its personnel;

(e) Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(f) The jury, in the event this case proceeds to trial;

(g) Any claims representative(s) for any party's insurer;

(h) Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel;

(i) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information;

(j) Any other person as to whom the producing party agrees in writing; and

(k) The parents of Plaintiff, to the extent Plaintiff's counsel exercises his/her professional judgment that specific information should be disclosed so Plaintiff can make informed decisions regarding the pending litigation.

2.3 Notwithstanding any of the foregoing provisions, this Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Material.

2.4 Prior to receiving any Protected Material, any persons described in sections (c), (e), (h), and (j) of paragraph 2.2 shall be furnished with a copy of this Order and must sign the Agreement to be Bound by Stipulated Protective Order (the "Agreement") attached to this

Order. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.5 All persons in possession of or with access to Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Order are observed and the confidential nature of the information is maintained.

2.6 Nothing in this Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial or from using any Protected Material during a deposition.

3. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1 Any party believing that particular information has been improperly marked, i.e., that it is not in fact CONFIDENTIAL, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within five business days of receipt of such writing, the designating party shall either remove the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2 The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3 Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

4. FILING OF PROTECTED MATERIAL AND USE AT TRIAL/HEARINGS

4.1 To the extent that a brief, memorandum, pleading, or other court filing references or contains any Protected Material, the party shall endeavor to redact any Protected Material prior to seeking leave to file the document under seal. If a document or portion of a deposition transcript has been designated as Protected Material because it contains information subject to FERPA, a party shall, unless impracticable, comply with this paragraph by redacting any

5

Personally Identifiable Information. Where redaction of Protected Material is not possible or adequate, a party shall seek leave of the Court to file the document under seal.

4.3 If any party intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall endeavor to redact any Protected Material prior to introducing or referring to the Protected Material. If a document or portion of a deposition transcript has been designated as Protected Material because it contains information subject to FERPA, a party shall, unless impracticable, comply with this paragraph by redacting any Personally Identifiable Information. However, if redaction of Protected Material is not possible or adequate, the party wishing to make the disclosure shall first notify the producing/designating party and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures.

4.3 Nothing in this Order shall authorize the filing of a document under seal.

4.4 Nothing in this Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.

4.5 To the extent that a brief, memorandum, pleading, or document, deposition transcript, or other court filing references or contains any material that is not Protected Material, but the disclosure of which would result in the identification of any current or former CWRU student (including, but not limited to, Plaintiff or Jane Roe), the filing party shall redact any personally identifying information regarding the current or former CWRU student, unless impracticable. Where redaction of personally identifying information is not possible or adequate to protect the identity of the current or former CWRU student, a party shall seek leave of the Court to file the brief, memorandum, pleading, or document, deposition transcript, or other court filing under seal.

5. TERMINATION OF LITIGATION

5.1 The obligations of this Order shall survive the termination of the action and continue to bind the parties. Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected Material of any other party. Each party's outside litigation counsel shall have the right to retain in accordance with its document retention practices, in a secure location, electronic copies of Protected Material, including copies of any pleadings,

motions, memoranda, documents, papers filed with the Court, deposition transcripts and exhibits; and documents constituting work product.

6. THIRD PARTY DISCOVERY

6.1 In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce Protected Material by such third party, such third party may elect to have its information treated in accordance with the terms of this Order by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL in the manner set forth in this Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

7. INADVERTENT DISCLOSURE

7.1 If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL without designating it pursuant to this Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Order. Nothing in this Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material.

7.2 The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return (or destroy) all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

Nothing in this Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

8. MISCELLANEOUS PROVISIONS

8.1 If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this Order. The party receiving the Third Party Request must deliver a copy of this Order promptly to the party in the other action that caused the Third Party Request to issue.

8.2 The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Order. Upon receipt of such a Third Party Request, however, the receiving party must promptly notify, in writing, the producing party of the Third Party Request.

8.3 This Order shall be subject to modification by the Court on its own motion or on motion of the parties or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders. Nothing in this Order shall eliminate or otherwise impair the rights of any party to move for relief from any of this Order's provisions, or to seek or agree to different or additional protection for any particular material or information.

8.4 Treatment by counsel or the parties of information designated CONFIDENTIAL shall not be construed as an admission by any party that the designated information contains confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain confidential information.

8.5 No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

9. NO PRIOR JUDICIAL DETERMINATION

9.1 This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

10. PERSONS BOUND

10.1 This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED:

*Pamela A. Barker*
JUDGE BARKER
UNITED STATES DISTRICT COURT
DATE: 1/11/2023

STIPULATED AND AGREED:

FOR PLAINTIFF:

Joshua Adam Engel (0075769)
Anne Tamashasky (0064393)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

FOR DEFENDANT:

John Gerak (#0075431)
Amanda T. Quan (#0086623)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
john.gerak@ogletree.com
amanda.quan@ogletree.com

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES, | Case No. 1:21-cv-1776-PAB |
| Plaintiff, | Judge:  BARKER |
| v. | AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER |
| CASE WESTERN RESERVE UNIVERSITY, | |
| Defendant. | |

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned matter, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order (or this Agreement) may result in penalties for contempt of Court.

Dated: _____

_____
(Signature)

_____
(Print Name)

_____
(Job Title)

_____
(Home or Business Address)

_____
(Home or Business Address Continued)